IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| MARK O'NEAL BRAZIER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 7:14-CV-58-HL-MSH |
| | : | 28 U.S.C. § 2241 |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | : | |
| | : | |
| Respondents. | : | |

## **RECOMMENDATION OF DISMISSAL**

Presently pending before the Court is Respondents' motion to dismiss, filed on June 19, 2014.[1] (ECF No. 10.) In his application for habeas relief pursuant to 28 U.S.C. § 2241, Petitioner was challenging the legality of his continued detention by the Immigration and Customs Enforcement agency. (Pet. for Writ of Habeas Corpus 6-8, ECF No. 1.) Along with the motion to dismiss, Respondents filed a copy of the Immigration Bond form (Mot. to Dismiss Ex. A, ECF No. 10-1) showing that Petitioner was released on bond on June 18, 2014. Because of Petitioner's release, Respondents contend that Petitioner's pending § 2241 petition is moot and should be dismissed as such. (Mot. to Dismiss 1-3, ECF No. 10.) The Court agrees and recommends dismissal of this case as moot.

---

[1] Also presently pending are Petitioner's motions to stay deportation (ECF No. 7), for release (ECF No. 8), and to appoint counsel (ECF No. 9). Because it is recommended that Petitioner's application for habeas relief be dismissed as moot, it is likewise recommended that Petitioner's currently pending motions be denied as moot.

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001) (internal quotation marks and citation omitted). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Id.* at 1336.

Here, Petitioner sought an order granting him a writ of habeas corpus and release from custody. (Pet. for Writ of Habeas Corpus 8.) Petitioner has been released from the physical custody of ICE. (Mot. to Dismiss Exs. A-B.) Furthermore, Petitioner is not contesting the conditions of his release such that this Court could maintain jurisdiction over his habeas petition. *See Alvarez v. Holder*, Nos. 10-13907, 10-14056, 2011 WL 6187122 (11th Cir. Dec. 14, 2011). Since the Court can no longer give the Petitioner any meaningful relief, the case is moot and "dismissal is required because mootness is jurisdictional." *Al Najjar*, 273 F.3d at 1336.

WHEREFORE, IT IS RECOMMENDED that Respondents' Motion to Dismiss (ECF No. 10) be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudice to his right to file a new § 2241 petition in the future if a change in his circumstances occurs. Petitioner's currently pending motions (ECF Nos. 7-9) should likewise be denied as moot. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the United States District Judge within fourteen (14) days after being served a copy of this recommendation.

SO RECOMMENDED, this 22nd day of July, 2014.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE
